FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOMINIC DANNAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF YAKIMA and YAKIMA POLICE DEPARTMENT,<br><br>Defendants. | No. 1:24-CV-03111-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND JUDGMENT<br><br>**ECF No. 87** |

Before the Court is Plaintiff's Motion for Reconsideration and/or to Alter or Amend Judgment. ECF No. 87. The Court has reviewed the motion and the record and finds a response unnecessary. For the reasons discussed below, the Court denies the motion.

Relief under Fed. R. Civ. P. 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact

upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A party may not use Rule 59(e) "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

Plaintiff first contends that the Court incorrectly treated Civil Service Commission review as available following his July 2025 discipline. He now relies on the 2024-2026 Collective Bargaining Agreement (CBA) and asserts that the union submitted Grievance 25-02 in July 2025. ECF No. 87 at 7; *see* ECF No. 87-1. Plaintiff has not submitted Grievance 25-02. The document labeled "Grievance" is an L&I Safety & Health Retaliation Complaint signed October 6, 2026, which states only that Defendant failed to respond to a written grievance under the CBA. ECF No. 87-2 at 2-3. Although the CBA predates Plaintiff's summary judgment opposition and his Second Amended Complaint alleged that the union had filed a grievance, ECF No. 24 at 9 ¶ 5.49, Plaintiff did not submit the CBA or evidence of the grievance with his summary judgment materials and did not argue that the grievance foreclosed Civil Service Commission review. He offers no reason he could not have done so. Rule 59(e) does not permit him to

present that evidence and argument for the first time after judgment. *See Carroll*, 342 F.3d at 945.

The Court's due process ruling considered the procedures available before and after the discipline. Plaintiff received detailed notice, an explanation of the evidence, an opportunity to respond with union representation, and a written decision reducing the contemplated suspension from 24 hours to eight hours. ECF No. 85 at 11. Those procedures satisfied the pre-disciplinary requirements articulated in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985). The Court also concluded that Civil Service Commission review was available to provide impartial post-disciplinary review. ECF No. 85 at 11-12. As explained above, Plaintiff's newly presented materials do not show that Commission review was unavailable or that the Court committed a manifest error of law or fact. Because Plaintiff has not shown error in the Court's conclusion that no constitutional violation occurred, the Court also declines to reconsider its ruling on municipal liability.

Plaintiff next contends that the Court considered only whether a failed transmission delayed assistance and did not address a distinct psychological injury caused by the communication failure itself. ECF No. 87 at 15. The Court expressly considered whether the missed transmission caused or worsened Plaintiff's physical or psychological injuries. ECF No. 85 at 14-15. Plaintiff's

declaration stated generally that the radio failure forced him to pursue the suspect for more than five minutes and that “[t]his caused significant physical and psychological injuries, including PTSD.” ECF No. 64-1 at 1 ¶ 2. The declaration asserted that the radio failure caused psychological injury, but it did not describe the claimed emotional response or distinguish that injury from the trauma caused by the shooting and armed confrontation. The Court therefore concluded that the declaration did not explain how a missed transmission, rather than the shooting and armed confrontation, caused or worsened Plaintiff's injuries. ECF No. 85 at 15.

The medical report does not establish the distinct injury Plaintiff now asserts. It states that Plaintiff's dreams were “not necessarily about the 2021 incident” and involved things going wrong while he worked as an officer, “including his radio not working or his gun not firing.” ECF No. 64-1 at 9. The provider attributed Plaintiff's trauma-related condition to the armed confrontation and gunfire. *Id.* at 14-15. The report does not attribute any additional psychological harm to a missed transmission. Plaintiff has not shown a manifest error of law or fact in the Court's causation analysis.

Finally, Plaintiff asks the Court to reopen the judgment so he may seek leave to supplement his complaint with a due process claim based on his medical separation or, alternatively, to clarify that the judgment did not adjudicate that event. Plaintiff disclosed his July 8, 2026, medical separation in a declaration filed

on July 13, 2026, while summary judgment remained pending. ECF No. 64-1 at 5 ¶ 14. He did not seek leave to supplement his complaint during the more than two months before the Court entered judgment. "[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). Fed. R. Civ. P. 15(d) does not independently provide a basis to reopen the judgment under Rule 59(e). Plaintiff offers no explanation for failing to seek supplementation before judgment. Further, the Court already provided the requested clarification: "the Court does not address whether the separation complied with due process." ECF No. 85 at 13 n.1. The judgment resolved the claims pleaded in the Second Amended Complaint and did not adjudicate whether the later medical separation violated Plaintiff's rights.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration and/or to Alter/Amend Judgment, **ECF No. 87**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 26, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE